**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-01357-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Scott Allan Maasen, | |
| Defendant. | |

On November 14, 2018, the Court sentenced Defendant Scott Allen Maasen, with restitution to be determined. Doc. 125. Defendant's former spouse, Julie Holm, seeks restitution pursuant to 18 U.S.C. § 3663A, the Mandatory Victim Restitution Act ("MVRA"). Doc. 124. For the following reasons, the Court will deny Ms. Holm's motion.

**I.  Background.**

In November 2009, Defendant filed two petitions for bankruptcy in the United States Bankruptcy Court for the District of Arizona: one in his individual capacity and one on behalf of his wholly owned limited liability company, Massen Realty Investments, LLC. Doc. 126 at 9. In June 2011, Defendant began purchasing an engagement ring priced at $89,926, making periodic payments to the jeweler. In February 2012, Defendant reversed the charges and had his father pay for the ring to appear as if his

father was the owner. Defendant insured the ring through his personal insurance policy with his fiancée. *Id.*

As part of his ongoing bankruptcy proceedings, Defendant was required to file monthly reports of all of his expenses, signed under penalty of perjury. Defendant never reported his purchase of the engagement ring, and he knowingly and fraudulently concealed the purchase from his creditors and the United States Trustee. *Id.* at 9-10. In April 2018, Defendant pled guilty to Concealment of Assets in Bankruptcy in violation of 18 U.S.C. § 152(1), a Class D felony offense (Doc. 83), and the Court accepted his plea in November 2018 (Doc. 126). Sentencing information indicated that Defendant hid substantial additional assets, income, and expenses from the bankruptcy court. *See, e.g.,* Doc. 119.

Ms. Holm seeks restitution from Defendant pursuant to § 3663A of the MVRA for forensic accounting fees, dissipation of assets during her and Defendant's divorce, the value of concealed community property, and dissipation of assets during other civil matters, all totaling $178,097.60.[1] Doc. 124-1 at 1-2, 13.

## II. The Mandatory Victims Restitution Act.

The MVRA requires a court to order restitution when sentencing a defendant convicted of (1) "an offense against property [under Title 18], including any offense committed by fraud or deceit," and (2) when there is "an identifiable victim or victims [who] suffered . . . pecuniary loss." 18 U.S.C. § 3663A(a)(1)-(2), (c)(1); *United States v. Thomsen*, 830 F.3d 1049, 1065 (9th Cir. 2016); *United States v. Luis*, 765 F.3d 1061, 1065 (9th Cir. 2014). The party asserting a claim for restitution must prove the claim and the amount due by a preponderance of the evidence. *United States v. Gamma Tech. Indus., Inc.*, 265 F.3d 917, 924 (9th Cir. 2001).

---

[1] The government objects to Ms. Holm's claim and asserts that the bankruptcy court is the proper venue for her to seek relief from Defendant. Doc. 119 at 6. The Court has discretion to permit non-governmental parties to raise and argue claims for restitution under the MVRA. *See United States v. Gamma Tech. Indus., Inc.*, 265 F.3d 917, 924-25 (9th Cir. 2001); 18 U.S.C. § 3664(d).

### A. Offense Against Property or Committed by Fraud or Deceit.

The MVRA does not define "offense against property." *See* 18 U.S.C. § 3663A; *Luis*, 765 F.3d at 1065. But the Ninth Circuit has defined an offense against property as any offense that "infring[es] on a victim's property interest." *Luis*, 765 F.3d at 1065. Under this definition, the Ninth Circuit has found offenses against property from a failure to pay child support that involved pecuniary loss, *United States v. Stephens*, 374 F.3d 867, 871 (9th Cir. 2004); mail fraud, *United States v. Hunter*, 618 F.3d 1062, 1064 (9th Cir. 2010); money laundering and conspiracy to launder money, *United States v. Lazarenko*, 624 F.3d 1247, 1249-50 (9th Cir. 2010); and offenses arising out of a mortgage fraud scheme, including bank fraud and loan fraud, *United States v. Rizk*, 660 F.3d 1125, 1134-37 (9th Cir. 2011). Physical damage is not required. *Luis*, 765 F.3d at 1066. The MVRA also applies to offenses "committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii).

Ms. Holm does not explain how Defendant's concealment of the engagement ring or other assets from the bankruptcy court in violation of 18 U.S.C. § 152(1) constitutes an offense against her property under the MVRA. She does not argue that she was one of Defendant's creditors in the bankruptcy cases or otherwise explain how Defendant's count of conviction infringed her property interests specifically. Ms. Holm also does not expressly argue that § 152(1) constitutes an offense committed by fraud or deceit, but because the language of § 152(1) prohibits "fraudulently conceal[ing]" property, the Court finds that Defendant's count of conviction falls within the text of the MVRA.

Ms. Holm seems to argue that she is entitled to restitution for uncharged conduct based on a fraud scheme by Defendant. *See, e.g.*, Doc. 124-1 at 5-6. The uncharged conduct appears to include concealment of assets from the domestic relations court, concealment of assets from Ms. Holm, and prolonging the litigation and expenses in the domestic relations court. *Id.* Ms. Holm also makes vague allegations about "other litigation on multiple fronts" and "improper equitable distribution of property." *Id.* at 5.

The MVRA allows a victim to receive restitution for harm caused by "related but uncharged conduct that is part of a fraud scheme," but only when "the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense." *Thomsen*, 830 F.3d at 1065-66. "Such restitution is not limited to harm caused by the particular counts of conviction (as it would be absent the scheme element)." *In re Her Majesty the Queen in Right of Canada*, 785 F.3d 1273, 1276 (9th Cir. 2015). Ms. Holm is not entitled to restitution for Defendant's uncharged conduct, however, because his crime of conviction does not include as an element "a scheme, conspiracy, or pattern of criminal activity." *Thomsen*, 830 F.3d at 1065-66.

Defendant pled guilty to a statute pertaining to concealment of assets in bankruptcy, which prohibits a person from:

> knowingly and fraudulently conceal[ing] from a custodian, trustee, marshal, or other office of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors of the United States Trustee, any property belonging to the estate of a debtor.

18 U.S.C. § 152(1). None of the four elements the government would have had to prove at Defendant's trial include a scheme, conspiracy, or pattern of criminal activity. *See* Doc. 126 at 8-9; *see also United States v. Lawrence*, 189 F.3d 838, 847 (9th Cir. 1999) (noting that counts for bankruptcy fraud under § 152 "contain no elements relating to scheme, conspiracy or pattern"); *United States v. Maturin*, 488 F.3d 657, 662 (5th Cir. 2007) ("It is unmistakably clear, however, from the plain language of 18 U.S.C. § 152(1) . . . that the statute does not have 'as an element a scheme, conspiracy, or pattern of criminal activity.'"); *United States v. Icenhower*, No. 09cr1514–IEG, 2011 WL 1522411, at *2 n.1 (S.D. Cal. April 20, 2011) ("18 U.S.C. § 152(1) is not 'an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity.'"). And it is "not enough to show another fraud against [Ms. Holm] had 'aspects in common with the scheme' of conviction or even to show that both frauds were 'built upon the same central falsity.'" *Thomsen*, 830 F.3d at 1067.

### B. Victim.

The MVRA defines "victim" as:

a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of a scheme, conspiracy, or pattern.

18 U.S.C. § 3663A (a)(2). Thus, to qualify as a "victim", the MVRA requires a showing of actual and proximate cause between the harm suffered and a defendant's conduct underlying the offense of conviction. *United States v. Swor*, 728 F.3d 971, 974 (9th Cir. 2013). But-for causation is insufficient. *Id.* And although "multiple links in the causal chain" may exist, "the chain may not extend so far as to become unreasonable." *Id.* Because Defendant's count of conviction is not part of a fraud scheme, as discussed above, the Court will only look to whether Ms. Holm has shown direct and proximate causation between her claimed harm and Defendant's charged offense under § 152(1). *See Thomsen*, 830 F.3d at 1065-67.

Ms. Holm asserts that Defendant's "charged and uncharged offenses proximately caused [her harm] by prolonging litigation proceedings and escalating expenses and leading her to defend herself in other litigation on multiple fronts." Doc. 124-1 at 5. She asserts that Defendant "concealed assets in the divorce proceedings and from the bankruptcy court and he entered into an overall conspiracy to shield assets away from his former spouse." *Id.* at 6. Ms. Holm describes various claimed harms and losses she has experienced, but she does not explain the causal link between Defendant's fraudulent concealment of assets in his bankruptcies – proceedings in which Ms. Holm was not a party or creditor – and any of her claimed harm. Rather, Ms. Holm makes generalizations about Defendant's concealment in the bankruptcy court being "intertwined" with his concealment in the domestic relations court, and conclusory assertions that she was directly and proximately harmed. *Id.* at 7, 9, 11.

Ms. Holm must demonstrate direct and proximate causation under the MVRA, not merely assert that Defendant's criminal conduct and her harm are intertwined. Ms. Holm fails to prove by a preponderance of the evidence that she is a victim within the meaning of the MVRA. The MVRA therefore does not apply to Ms. Holm, and the Court will decline to address her other arguments.[2]

**IT IS ORDERED** that Julie Holm's request for an order of restitution in the amount of $178,087.60 (Doc. 124) is **denied**. Ms. Holm presumably may seek recovery for her harm in ongoing Defendant's bankruptcy proceeding or through the domestic relations court.

Dated this 28th day of November, 2018.

David G. Campbell
Senior United States District Judge

---

[2] Ms. Holm's brief also cites 18 U.S.C. § 3663. Even if that section applies, it too defines "victim" as "a person directly and proximately harmed" by the defendant's offense. Ms. Holm has failed to make this showing, as explained above.